David RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–00201–CR to 01–91–00203–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1992.

Joe Silvas, Houston, for appellant.

Jim Mapel, Crim. Dist. Atty., Kelly McClendon, Asst. Dist. Atty., for appellee.

Before OLIVER–PARROTT, MIRABAL and PRICE,* JJ.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, partici-   pating by assignment.

## OPINION

PRICE, Justice (Assigned).

A jury found appellant, David Rodriguez, (a) guilty of aggravated kidnapping, found one enhancement paragraph true, and assessed punishment at 40–years confinement and a $1,000 fine; (b) guilty of attempted aggravated kidnapping, one enhancement paragraph true, and assessed punishment at 20–years confinement and a fine of $1,000; (c) guilty of three counts of aggravated sexual assault, one enhancement paragraph true and assessed punishment at confinement for life and a fine of $2,000 on each count. He challenges the judgment of the trial court in two points of error, complaining of the court's failure to discharge the venire and the petit jury.

At trial, before the venire was qualified, appellant's counsel stated the following objection:

> Mr. Silvas: I want to voice an objection to the composition of the veneer, [sic] composition of the jury panel as it stands now. As I look out and count, there were a total of 40 prospective jurors. There are two Hispanics, no Blacks. I believe that is a deprivation of the Constitutional rights that are afforded my client based on the Fifth, Sixth and the 14th Amendment to the Constitution.
> Further, I would like to testify that in the county of Brazoria, the population of Hispanics is 20 percent. The population of Blacks is 12 percent; that there are elected officials of the Black nationality. There is a city councilman in Angleton, Texas. There is a mayor in West Columbia. There is another Black councilman in West—in Brazoria. There is presently a Hispanic city councilman in the City of Angleton. There is also an elected official in the City of Alvin who is Hispanic. On those bases I would move to strike the composition of this panel and that a new one be brought in.
> Court: Your motion is denied. Anything else?

Appellant is a Mexican–American male.

Appellant asserts in his first point of error that the trial court erred in refusing to discharge the venire, which he claims did not reflect a fair cross-section of the community.

■ The sixth amendment entitles every defendant to object to a venire that is not designed to represent a fair cross-section of the community. *Holland v. Illinois*, 493 U.S. 474, 110 S.Ct. 803, 805, 107 L.Ed.2d 905 (1990). To establish a prima facie violation of the sixth amendment's fair cross-section requirement, a defendant must demonstrate: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).

■ Appellant put on no evidence that underrepresentation of blacks or hispanics in the venires of Brazoria County was due to systematic exclusion of those groups in the jury selection process. Accordingly, the trial court did not err in failing to discharge the venire. *See May v. State*, 738 S.W.2d 261, 268–69 (Tex.Crim.App. 1987).

The first point of error is overruled.

■ In his second point of error, appellant asserts the trial court erred in denying his motion to discharge the petit jury on the basis of his *Batson*[1] objection.

Before the jury was impaneled, appellant's counsel objected that

> the prosecutor has purposely discriminated against the defendant in that the defendant is a Hispanic. His name is David Rodriguez. The only two Hispanics on this venire were stricken by the State. Juror No. 25, Jamie Zavala, Juror No. 32, Lewis Cuellar. At no time during the voir dire proceedings did the prosecutor Mr. Dale Summa ever ask them one question. I believe for that

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

reason that I move that this panel be stricken and that a new venire—a new one be called.

The judge observed that the prosecutor's strikes did not make any difference because the 12 jurors were obtained from the first 19 members of the venire. Because the stricken hispanic veniremembers in issue were situated on the panel at positions 25 and 32, the strikes did not have an impact on the composition of the jury and thus, could not invoke the provisions of *Batson.*

Appellant's second point of error is overruled.

The judgments are affirmed.